**CIRCUIT COURT OF THE CITY OF HAMPTON**

Jay-Ton Construction
Co., Inc.

v.

Bowen Construction
Services, Inc.

Case No. (Law) 02-468

BY JUDGE CHRISTOPHER W. HUTTON

October 23, 2002

Along with the Rules of Virginia Supreme Court, I have reviewed the pleadings of the above-styled case and the arguments to those pleadings.

The central issue is a reading of Paragraph 17 of the Defendant's Verified Grounds of Defense. I find that a logical reading of those two sentences raises a new matter not mentioned in the Motion for Judgment to which the Defendant expressly requested a reply which was not filed.

The failure to reply to a Rule 3:12 request for a reply results in an admission pursuant to Rule 1:4(e). With that admission, the Court must grant Defendant's Motion for Summary Judgment. I do not feel that I am empowered under the Rules of Virginia Supreme Court and the pleadings of this case to grant Plaintiff's Motion to File Reply. Thus, the Motion for Judgment must be dismissed.

November 22, 2002

Having considered Mr. Hearne's Petition to Rehear and Motion for Reconsideration and Mr. Short's response, I have again reviewed the

pleadings in this case and will correct error which I now believe I committed in my earlier consideration.

On page 2 of the November 14, 2002, Memorandum, Mr. Short suggests that what Mr. Hearne requests is for me to reconsider and reach a different conclusion. That is perhaps accurate.

I now firmly believe that a granting of Summary Judgment in this case is too drastic a remedy considering not only the discretion allowed me under Rule 1:9 but in light of the procedural history of the pleadings. I had given weight to both of these elements before, but perhaps not enough weight to Jay-Ton's due diligence in its filings.

I do still rule that Paragraph 17 of the Grounds of Defense sets up a new matter. Additionally, an appropriate exercise of discretion dictates that the Plaintiff be allowed the filing of a late reply pursuant to Rule 1:9 of the Rules of the Supreme Court of Virginia.